IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFREDO OLIVARES JIMENEZ, § | | |
| TDCJ-CID NO. 1011088 § | | |
|     Petitioner, § | | |
| § | | |
| V. § | C.A. NO. C-05-155 | |
| § | | |
| DOUG DRETKE, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutional Division, § | | |
|     Respondent. § | | |

## MEMORANDUM AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

In this habeas corpus action, petitioner Alfredo Jimenez challenges the findings and punishment assessed him at a disciplinary hearing held on December 7, 2004. Mr. Jimenez was found guilty of possession of a weapon. DHR at 1.[1] His punishment included the loss of ninety days of good time credits, the loss of fifteen days of recreation privileges, and retention in line class from L1 to L2. Id. Respondent moved for summary judgment on the petition for writ of habeas corpus. (D.E. 19). Petitioner failed to file a response to the motion for summary

---

[1] Records relating to the disciplinary hearing held on December 7, 2004 are identified at "DHR," and the records relating to Mr. Jimenez's grievance records are identified as "DGR."

judgment.[2]

For the reasons stated herein, it is respectfully recommended that this motion for summary judgment be granted.

## I. JURISDICTION

The Court has jurisdiction pursuant to 28 U.S.C. § 2241 and § 2254.

## II. BACKGROUND

The Director has lawful custody of Mr. Jimenez pursuant to a judgment and sentence of the 222nd Judicial District of Deaf Smith County, Texas, in cause number CR-93J-152.  (D.E. 19, Ex. A, at 1).  On May 29, 2003, Mr. Jimenez pleaded guilty to the felony offense of engaging in an organized criminal activity.  Id.  He was sentenced to a maximum term of seven years imprisonment to be served in the TDCJ-CID.  Id.

Mr. Jimenez is not complaining about his underlying conviction, but challenges the findings of a disciplinary hearing.  (D.E. 1, at 5).  On December 7, 2004, he was disciplined for allegedly being in possession of a weapon, a Code 6.0 offense, on December 1, 2004.  DHR at 1-2.  He was found guilty, and received a loss of ninety days of good time credits, the loss of fifteen days of recreation privileges, and retention in line class from L1 to L2.  DHR at 1.

---

[2] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

In response to the findings and punishment assessed against him at the disciplinary hearing, Mr. Jimenez filed a Step One grievance, which was denied. DGR at 1-2. He then filed a Step Two grievance, which was also denied. Id. at 4-5. He filed the instant habeas corpus action on March 28, 2005. (D.E. 1)

### III.  PETITIONER'S ALLEGATIONS

In his petition, Mr. Jimenez asserts his due process rights in the following manner:

1. He was found guilty of the offense of possessing a weapon even though inmate Joshua Martinez also had access to the area where the weapon was found, and Mr. Martinez admitted to the offense.

2. His punishment was unequal and unfair because the evidence showed that he was innocent.

(D.E. 1, at 7).

### IV.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

Respondent does not dispute that Mr. Jimenez has exhausted his administrative remedies. (D.E. 19, at 3).

### V.  STANDARD OF REVIEW

**A.   Federal habeas corpus review.**

To warrant federal habeas corpus review, a state prisoner must satisfy two jurisdictional prerequisites: first, that he is in custody, and second, that his claims

challenge the constitutionality of that custody.[3]  28 U.S.C. § 2241(c)(3), § 2254(a); see also Gray v. Lynn, 6 F.3d 265, 267 (5th Cir. 1993) (state prisoner must assert a violation of a federal constitutional right to obtain review of state decision pursuant to 28 U.S.C. § 2254); Boyd v. Scott, 45 F.3d 876, 881 (5th Cir. 1994) (per curiam) (a federal writ of habeas corpus is available to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States).  Appropriate habeas corpus claims are those that call into question the fact or length of the petitioner's custody and seek an immediate or speedier release.  See Preiser v. Rodriguez, 411 U.S. 475, 498 (1973); Jackson v. Torres, 720 F.2d 877, 879 (5th Cir. 1983) (per curiam).

**B.    Motion For Summary Judgment.**

Rule 56 of the Federal Rules of Civil Procedure applies to habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000).  Summary judgment is appropriate when there is no disputed issue of material fact and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  The court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all reasonable inferences in favor of the party opposing the motion.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing

---

[3] See 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 9.1 (1998) (identifying the two jurisdictional prerequisites as "custody" and "substance, or federal question").

the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960-61 (5th Cir. 1988). The controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fields v. City of South Houston, 922 F.2d 1183, 1187 (5th Cir. 1991). The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in his response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

## VI.  DISCUSSION

**A.    Habeas Petition Must Establish a Violation of a Due Process Right.**

In order to be granted a writ of habeas corpus, a state prisoner must show that he is in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254.  The Supreme Court has held that states may create liberty interests, vested in its inmates, which are protected by the Due Process Clause.  Sandin v. Conner, 515 U.S. 472, 484 (1995).  It further held:

> The time has come to return to the due process principles we believe were  correctly established and applied in [Wolff v. McDonnell, 418 U.S. 539 (1974)] and [Meachum v. Fano, 427 U.S. 215 (1976)].  Following Wolff, we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause.  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483-84 (internal citations omitted).

The Fifth Circuit has determined, however, that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner."  Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997).  It is clear that "the Due Process Clause does not protect

every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin, 515 U.S. at 478. The focus is on whether the penalties imposed by the state are the type of atypical, significant deprivations which create a liberty interest. Id. at 484.

Mr. Jimenez was assessed a loss of ninety days of good-conduct credit, a loss of fifteen days of recreation privileges, and a reduction in his custodial classification from L1 to L2. DHR at 1. The loss of fifteen days of recreation privileges is not in line with the "atypical, significant deprivations" that create a protected liberty interest. Sandin, 515 U.S. at 484. Not every state action "taken for a punitive reason encroaches upon a liberty interest." Id. (citations omitted). Mr. Jimenez is also challenging his reduction in custodial classification, which affects his ability to earn good-conduct time. The Fifth Circuit has held that timing of prisoner's release is "too speculative to afford him a constitutionally cognizable claim to the 'right' to a particular time-earning status." Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). Therefore, his request for habeas relief based on the loss of recreation privileges, and his reduction in custodial classification are without merit.

Mr. Jimenez's loss of ninety days of good-conduct credits could entitle him to habeas relief. Good-conduct credits are taken into consideration by officials for parole and mandatory supervision release purposes. In Texas, there are two ways

that an inmate becomes eligible for early release: parole, or mandatory supervision. Madison, 104 F.3d at 768. Parole consists of a discretionary and conditional release of an eligible inmate to serve the remainder of his sentence under the supervision and control of the pardons and parole divisions. Id. (citations omitted). Mandatory supervision is the release of an inmate to serve the remainder of his sentence under the supervision of the pardons and paroles division. Id. (citations omitted).

The Fifth Circuit has held that because it is extremely speculative whether an inmate may be released on parole, "there is no constitutional expectancy of parole in Texas." Id. Thus, to the extent Mr. Jimenez claims that his loss of good-conduct credits affects his parole eligibility, he fails to state a constitutional claim upon which habeas relief can be granted. He is only entitled to due process in the context of lost good-conduct credits if he has a liberty interest in mandatory supervision.

The Fifth Circuit has determined that prior to September 1, 1996, the Texas' mandatory supervision program created a constitutional expectancy of early release.[4] Malchi, 211 F.3d at 957-58. The current version of the mandatory supervised release statute has also been found to create liberty interests vested in inmates. Ex parte Geiken, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000) (en banc).

---

[4] The Fifth Circuit stated this constitutional expectancy was created by, the now repealed, article 42.18 § 8(c) of the Texas Code Criminal Procedure Annotated, which read "a prisoner who is not on parole shall be released to mandatory supervision by order of a parole panel when the calendar time he has served plus any accrued good conduct time equal the maximum term to which he was sentenced." Id. 42.18 § 8(c) (amended September 1, 1996, and subsequent to the amendment the whole body of 42.18 was repealed effective September 1, 1997).

The current mandatory supervision statute allows the Texas Board of Pardons and Paroles ("BPP") to exercise discretion and, in some cases, deny release to an inmate, who would otherwise have been released when their time served plus accrued good conduct time equaled the maximum sentence.  Pursuant to the current mandatory supervision statute:

> (b) An inmate may not be released to mandatory supervision if a parole panel determines that: (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and (2) the inmate's release would endanger the public.

Tex. Gov't Code Ann. § 508.149(b) (West 2004).

Under Texas law, inmates are not eligible for release on mandatory supervision if they are serving a sentence for certain crimes.  Tex. Gov't Code Ann. § 508.149(a).  One reason why a criminal defendant in Texas is ineligible for mandatory supervised release is where there has been an affirmative finding that a deadly weapon was used or displayed during the commission of a felony.  Tex. Gov't Code Ann. § 508.149(a)(1).  Mr. Jimenez was convicted of the felony offense of engaging in an organized criminal activity.  (D.E. 19, Ex., at 1).  He was sentenced for this second degree felony offense on October 4, 2000.  Id.  In addition, there is indication in the petitioner's records that a deadly weapon was

used in the commission of this felony.[5]  Id.

Respondent contends that Mr. Jimenez is not eligible for mandatory supervised release because the BPP converted his status to non-mandatory supervision.  (D.E. 19, at 6).  He asserts that Mr. Jimenez's status was changed due to his being found guilty of a major disciplinary offense within six months of the BPP's review.  Id.  The disciplinary offense that respondent claims disqualified petitioner is the same offense being challenged by petitioner in this habeas proceeding.[6]  The BPP record, however, indicates that the petitioner was  "removed from parole review because of board policy" for the disciplinary offense committed on December 1, 2004, report number 20050095235.  (D.E. 19, Ex. C, at 1) (emphasis added).

According to the TDCJ's records, Mr. Jimenez is not entitled to mandatory supervised release.  (D.E. 19, Ex. A, at 1).[7]  Therefore, because Mr. Jimenez is

---

[5] One of the exhibits included with respondent's motion for summary judgment, (D.E. 19), is a screen print of a commitment inquiry of Mr. Jimenez's records with TDCJ.  (D.E. 19, Ex. A, at 1).  The section of the screen containing information related to the charged offense is the notation "DEADWPN FLAT-ONLY 72ND."  Id.  Petitioner is not challenging his underlying conviction, and therefore, respondent has not filed records relating to his conviction with this Court.

[6] This seems to be a circular argument that should not be afforded much weight. Respondent is effectively arguing that petitioner is unable to state a claim upon which habeas relief can be granted because he is not eligible for mandatory supervised release, which was revoked by the BPP because of the disciplinary hearing's finding of guilt that petitioner is now challenging in this writ.

[7] While the undersigned magistrate judge does not reach any conclusion as to why Mr. Jimenez is ineligble for mandatory supervised release, it is likely that he is ineligble for mandatory

ineligible for mandatory supervised release, he is unable to show a basis upon which habeas relief can be granted.

## B.     Wolff v. McDonnell Requirements.

Even if Mr. Jimenez was able to show that he possessed a liberty interest in the loss of good-conduct time, all of his claims are still without merit. He alleges violations of his due process rights occurred at the disciplinary hearing because he was found guilty of an offense that another inmate committed, and his punishment was unfair in light of the fact that he was innocent. (D.E. 1, at 7).

A prison disciplinary hearing is not part of a criminal prosecution, and therefore, "the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The Supreme Court has held that procedural due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges, at least 24 hours before the hearing; (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional safety or

---

supervised release because he was convicted of a felony offense, and the judge made an affirmative finding that a deadly weapon was used or exhibited in the commission of the felony. Tex Gov't Code Ann. § 508.149(a)(1). Respondent's argument that Mr. Jimenez is ineligble for mandatory supervised release due to a decision by the BPP contradicts the record submitted by him. The BPP's minutes from December 11, 2004 were submitted by respondent. (D.E. 19, Ex. C, at 1). In these minutes, it states that Mr. Jimenez was removed from parole review because of the disciplinary offense committed by him on December 1, 2004. Id. No where in these minutes is Mr. Jimenez's mandatory supervised release status mentioned. Id.

correctional goals.  Id. at 564-66.

Substantial due process is not violated if some evidence supports a disciplinary board's findings and punishment.  Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985).  The Supreme Court has explained the "some evidence" standard as:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence.  Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Id., 472 U.S. at 455-56 (citations omitted).

Based on a review of the records, it appears the State did follow the due process requirements set out by the Supreme Court in Wolff and Hill.  Mr. Jimenez was provided with notice of his disciplinary hearing on December 2, 2004.  DHR at 1.  He was also informed of his right to present documentary evidence, call and question witnesses, as well as call and question the charging officer.  Id. at 10.  Mr. Jimenez did enter a witness statement from Mr. Martinez that stated he had committed the crime.  Id. at 7.  Mr. Jimenez also cross-examined the charging officers.  Id.

In spite of Mr. Jimenez's efforts, the disciplinary hearing officer found that the officer's report clearly described the incident, and the offense substantiates the offense charged.  Id. at 10.  In response to Mr. Jimenez's Step One grievance, the

warden found that there was a preponderance of evidence to justify the finding of guilt, and associated punishment. DGR 2. At the Step Two grievance level, it was found that "[t]here was sufficient evidence presented for a finding of guilt." DGR at 5. It seems clear that there was some evidence to support the disciplinary hearing officer's finding that Mr. Jimenez was guilty of possessing a weapon.

Mr. Jimenez's claims fail to establish a violation of any constitutional right. He has failed to meet his burden to set forth material controverted facts supported by more than mere allegations raised in initial pleadings. Anderson, 477 U.S. at 248-49. Therefore, Mr. Jimenez is not entitled to habeas relief.

## VII.  **CERTIFICATE OF APPEALABILITY**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, this Court can nonetheless address whether he would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that the district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

In this case, reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El, 537 U.S. at

14

327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Mr. Jimenez is not entitled to a certificate of appealability as to his claims.

## VIII.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment be granted and that Mr. Jimenez's petition for habeas relief be dismissed with prejudice because all of his claims lack merit, and that he be denied a certificate of appealability.

Respectfully submitted this 31st day of October 2005.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).